```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MUNICIPAL CREDIT UNION,                                     :
                                                            :   **MEMORANDUM**
                                      Plaintiff,            :   **DECISION AND ORDER**
                                                            :
                  - against -                               :   14 Civ. 4895 (BMC)
                                                            :
QUEENS AUTO MALL, INC. and ANDREAS                          :
STYLIANOU, also known as Andrew Stylianou,                  :
                                                            :
                                      Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a trademark infringement action in which it is undisputed that defendants prominently displayed the distinctive service mark of plaintiff, a consumer finance company, for a period of years on the awning outside defendants' car dealership. Defendants failed to timely answer the complaint, and in support of their motion for leave to file a late answer and in opposition to plaintiff's motion for a default judgment, allege that there was a miscommunication between the individual defendant and his lawyer about answering the complaint.

Federal Rule of Civil Procedure 55(c) requires "good cause" to set aside an entry of default. The determination of "good cause" requires the Court to exercise its discretion in considering three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.'" Citadel Mgmt. Inc. v. Telesis Trust, Inc., 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000) (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)).

Usually, the factor that carries the most weight is whether the default was willful. See De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013). However, the absence of a meritorious defense alone is reason enough not to vacate a default. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 174 (2d Cir. 2004). Indeed, in such a case, there is no point in vacating the default, since judgment will be entered in plaintiff's favor in any event. In contending that there is a meritorious defense, "the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." State Farm Mut. Auto. Ins. Co. v. Cohan, 409 F. App'x 453, 456 (2d Cir. 2011). Conclusory details in support of a "meritorious defense" showing are insufficient. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Id. (internal quotation marks and citation omitted).

Notably absent from defendants' moving and opposition papers is any explanation as to how defendants came to use plaintiff's mark in the first place. There is no denial of, nor any claim of right to, its use. Instead, defendants raise several technical defenses mainly addressing the computation of damages, like the absence of actual damages (which plaintiff does not seek; it is only seeking statutory damages); that plaintiff is not entitled to attorneys' fees on all of its causes of action; and that plaintiff's claim is barred by laches.

Thus, most of the defenses that defendants seek to interpose do not go to liability. The fact that, with one exception, defendants are only challenging damages is important because even defendants in default always have the right to contest damages. See La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 348-49 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc.

v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Granting plaintiff's motion for a default judgment thus would not preclude defendants from raising these issues, as the default only establishes liability and does not admit damages. See id. Similarly, the absence of actual damages, which plaintiff is willing to concede for purposes of this case, does not prevent plaintiff from recovering statutory damages. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 110 (2d Cir. 2012).

As to defendants' laches defense, which does go to liability, the showing that defendants have made is so paltry that I cannot even consider it as rising to the level of a colorable defense. Defendants contend, and plaintiff does not dispute, that plaintiff demanded the removal of the awning with its trademark in 2010, and yet plaintiff did not follow up to further demand removal until 2014. But defendants offer nothing to show they have been prejudiced by the delay – a position that would be difficult to take considering their insistence that they did not profit from using plaintiff's mark. And it is of course fundamental that a laches defense fails in the absence of prejudice to the infringer. See Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V., 17 F.3d 38, 44 (2d Cir. 1994). Rather than demonstrating laches, it seems to me that the delay to which defendants refer will be more useful to plaintiff in arguing that defendants' infringement of its mark was willful.

Under federal trademark law, the alleged infringer's intent is among the factors used to demonstrate a likelihood of confusion between two similar marks. See, e.g., Lemme v. Nat'l Broad. Co., 472 F. Supp. 2d 433, 451 (E.D.N.Y. 2007) (citing Lang v. Ret. Living Pub. Co., 949 F.2d 576, 583 (2d Cir. 1991)). In that respect, it can bear on the determination of liability. In a case like this, however, where there is no dispute that defendants used a mark identical to the plaintiff's, the issue of defendants' intent or willfulness would only relate to the amount of

statutory damages or an award of attorneys' fees.  See Louis Vuitton, 676 F.3d at 106 n.22, 111-12.  For the reasons set forth above, nothing prevents defendant from litigating lack of willfulness in the damage phase of this case.

Finally, some of the supplemental state law claims that are included in the complaint do require a showing of willfulness to prove liability.  See, e.g., Rush Indus., Inc. v. Garnier LLC, 496 F. Supp. 2d 220, 230 (E.D.N.Y. 2007), aff'd, 309 F. App'x 431 (2d Cir. 2009) (dismissing NYGBL §133 and common law unfair competition claims in the absence of bad faith).  Under 28 U.S.C. § 1367, however, the Court has the discretion to dismiss without prejudice state law claims that raise issues that would substantially predominate over federal claims.  See Oneida Indian Nation of New York v. Madison Cnty., 665 F.3d 408, 439 (2d Cir. 2011).  That would be the case here if I retained plaintiff's state law claims, as any liability issues could only be raised in the context of those claims. Therefore, unless plaintiff promptly objects, I decline to exercise supplemental jurisdiction over those claims, and dismiss them without prejudice.

Plaintiff's [22] motion for a default judgment is therefore granted and defendants' motion for leave to file a late answer is denied.  Plaintiff's [35] request for a pre-motion conference and defendants' [36] motion for extension of time are denied as moot.  By separate order, the Court will set this matter down for a conference to determine the appropriate proceedings for the ascertainment of plaintiff's damage award, which may include an inquest, additional briefing, or resolution on the current submissions.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       December 4, 2014